IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LINDA DURBIN,** *et al.*, | * |
| Plaintiffs | * |
| v. | * Case No.: RWT 07cv2186 |
| **SEAN HARING,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

On August 16, 2007, Plaintiffs Linda Durbin, Kelly Melby, and Robert Melby filed a wrongful death and survival action against Defendants Craig Doring and Sean Haring. The complaint alleges that on August 13, 1983, Defendants unlawfully broke into the home of Rae E. McConaghy, the mother of Plaintiff Linda Durbin and the grandmother of Plaintiffs Kelly Melby and Robert Melby, causing her to suffer cardiac arrest, which led to her death. (Compl. ¶¶ 7-9.)

Nearly one year after Plaintiffs brought this action, on July 14, 2008, Defendant Haring ("Defendant"), proceeding *pro se*, filed an acknowledgment of service. (Paper No. 8.) On July 28, 2009, the Clerk of Court entered a default against Defendant Haring, it appearing that the summons and complaint were properly served upon him and that he had failed to plead or otherwise defend within the time required by law. (Paper No. 10.)

Six days later, Defendant, upon retaining counsel, filed a motion to vacate on the grounds that he never received a copy of the complaint, despite his acknowledgement of service when he was proceeding *pro se*. (Paper No. 13.) In the motion, Defendant also argued that Plaintiffs' wrongful death and survival claims are barred by Maryland's three year statute of limitations. *Id.*

The Court subsequently vacated and set aside the entry of default, explaining that "it appears that the Defendant Haring has a meritorious defense and he should, in fairness, be permitted to assert it." (Paper No. 16.) Defendant filed a Motion to Dismiss within fifteen days of the Court's Order, based on statute of limitations grounds. (Paper No. 17.) In their Opposition, Plaintiffs argue that under Fed. R. Civ. P. 8(c), Defendant waived this defense by failing to affirmatively raise it in a responsive pleading before default was entered. (Paper No. 18.)

The Court concludes that Defendant did not waive his statute of limitations defense. Recognizing that in the Fourth Circuit any doubts as to whether relief should be granted should be resolved in favor of setting aside the default, the Court set aside the default because, *inter alia*, it appeared that Defendant had a meritorious defense.[1] Holding now that Defendant waived this affirmative defense would be inconsistent with the Court's previous Order. The Court finds that Defendant promptly asserted the statute of limitations defense in a motion to dismiss which was timely filed after the default was set aside.

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may reach the issue of whether a claim is time-barred "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (internal quotation marks, brackets, and citation omitted). Here, the complaint alleges that the decedent died on August 14, 1983. (Compl. ¶ 5) The complaint, however, was filed more than twenty-four years later, on August 16, 2007. Plaintiffs' wrongful death and survival claims are therefore clearly time-barred under the three year limitations period. Md. Code Ann., Md. Cts. & Jud. Proc. §§ 5-101, 3-904(g).

---

[1] Giving Defendant the benefit of the doubt, the Court also credited Defendant's statement that he never received a copy of the complaint and that when proceeding *pro se*, "he was not aware of the goings on in this matter." (Def.'s Mot. to Vacate Default J. ¶ 6.)

Plaintiffs might contend that the identity of Defendants was unknown for much of this twenty-four year period and that equitable tolling is warranted under Maryland's discovery rule. *See, e.g.*, *Poffenberger v. Risser*, 290 Md. 631, 636 (Md. 1981) (holding that a "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong."). However, even if Maryland's discovery rule tolled the statute of limitations for the majority of that time,[2] the limitations period certainly began to run when the State's Attorney for Montgomery County publicly indicted Defendants Doring and Haring on May 1, 2003 for murder, first degree burglary, and robbery. (Pls.' Opp'n to Mot. to Dismiss, Exs. 1-2.) Plaintiffs' claims are therefore still time-barred because they filed their complaint on August 16, 2007, more than three years after the public indictments.

Accordingly, the Court will grant Defendant Haring's Motion to Dismiss. (Paper No. 17.)

January 6, 2010                             /s/
Date                                        Roger W. Titus
                                            United States District Judge

---

[2] Because the three year period under Md. Code. Ann., Cts. & Jud. Proc. § 3-904(g) is a condition precedent to the initiation of a wrongful death action rather than a statute of limitations, equitable tolling may be unavailable. *See Waddell v. Kirkpatrick*, 331 Md. 52, 57 (Md. 1993) (declining to toll the running of limitations in a wrongful death action where child was a minor at the time of her father's death).